UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PRINELL PAUL,

                          Plaintiff,                9:25-CV-1546
                                            (ECC/MJK)
      v.

TOBIAS SHELLEY, et al.,

                          Defendants.

_____

APPEARANCES:                            OF COUNSEL:

PRINELL PAUL
Plaintiff, pro se
05002328
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

ELIZABETH C. COOMBE
United States District Judge

**DECISION AND ORDER**

**I.      INTRODUCTION**

      The Clerk has sent to the Court for review a pro se complaint filed by plaintiff Prinell Paul ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting claims arising out of his confinement at the Onondaga County Justice Center ("Onondaga County J.C."). Dkt. No. 1 ("Compl."). Plaintiff has not paid the statutory filing fee for this action and seeks leave to proceed in forma pauperis ("IFP"). Dkt. No. 4 ("IFP Application").

      Beginning in 2023, plaintiff filed thirty civil rights actions, including this action, in this District related to his conditions of confinement. *See* PACER Case Locator

<https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf> (last visited Feb. 18, 2026).  Based upon plaintiff's litigation history, plaintiff is an experienced litigator and undoubtedly familiar with court procedures.  Thus, courts in this District have previously held plaintiff to a standard more demanding than that expected of an ordinary pro se litigant.  *Paul v. Shelly, et al.*, No. 9:24-CV-1537 (GTS/DJS), Dkt. No. 7 at 4-5 (N.D.N.Y. Feb. 26, 2025) ("*Paul I*"); *Paul v. Shelley*, No. 9:25-CV-0029 (FJS/MJK), Dkt. No. 7 at 4-5 (N.D.N.Y. Mar. 6, 2025) ("*Paul II*").

## II.    IFP STATUS

Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee of $405.00.  Even if a plaintiff financially qualifies for IFP status, the Court must also determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) bars the plaintiff from proceeding IFP and without prepayment of the filing fee.  Section 1915(g) provides as follows

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If the plaintiff is indigent and not barred by § 1915(g), the Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous, or malicious, or if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *see* also 28 U.S.C. § 1915A(b)(1).

In this case, plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District of New York.  Dkt. No. 5.  Thus, the Court must determine whether plaintiff has "three strikes" and, if so, whether he is entitled to invoke the "imminent danger" exception to that rule.  *See* 28 U.S.C. § 1915(g).

### A.  Determination of "Strikes"

As noted *supra*, plaintiff is a prolific litigator.  This Court enforced the three strikes rule set forth in Section 1915(g) against plaintiff.  *See Paul v Lavy, et al.,* No. 9:25-CV-1138 (GTS/ML), Dkt. No. 8, Decision and Order (N.D.N.Y. Nov. 12, 2025) (listing cases previously dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted); *Paul v. Shelley, et al.*, No. 9:25-CV-1352 (MAD/MJK), Dkt. No. 8, Decision and Order (N.D.N.Y. Dec. 3, 2025); *Paul v Perry, et al.*, No. 9:25-CV-1327 (AJB/TWD), Dkt. No. 8, Decision and Order (N.D.N.Y. Jan. 21, 2026); *Paul v. Temple, et al.*, No. 9:25-CV-1396 (MAD/DJS), Dkt. No. 8, Decision and Order (N.D.N.Y. Jan. 30, 2026); and *Paul v Shelley, et al.*, No. 9:25-CV-1489 (BKS/ML), Dkt. No. 7, Decision and Order (N.D.N.Y. Feb. 13, 2026).

After reviewing the orders and docket sheets for the actions found to constitute strikes, this Court likewise finds that plaintiff acquired three strikes prior to commencing this action in October 2025.  Thus, unless it appears that the "imminent danger" exception to the "three-strikes" rule is applicable to this action, plaintiff may not proceed IFP.

### B.  Applicability of the "Imminent Danger" Exception

Congress enacted the "imminent danger" exception as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding IFP.  *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).  "[F]or a prisoner to qualify for the imminent danger exception,

3

the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged).  In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296.  In deciding whether such a nexus exists, the Second Circuit instructs the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99.  Both requirements must be met in order for the three-strikes litigant to proceed IFP.  *Id.*

"When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Welch v. Charlan*, No. 06-CV-61, 2008 WL 5382353, at *1, n.2 (N.D.N.Y. Dec. 16, 2008); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") (collecting cases).  Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.' " *Id*. (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir. 2003)).  Finally, "[t]he imminent danger claimed by the inmate . . . must be real, and not

4

merely speculative or hypothetical." *Nelson v. Nesmith*, No. 06-CV-1177 (TJM), 2008 WL 3836387, at *5 (N.D.N.Y. Aug. 13, 2008) (citation omitted).

On October 27, 2025, plaintiff commenced this action by filing a complaint.[1]  *See* Compl. at 7.  When plaintiff filed his pleading, he was incarcerated at Onondaga County J.C. *Id.* at 1.  The complaint is handwritten and difficult to decipher.  It is a series of compound sentences without punctuation or independent clauses.  Using its best efforts, the Court ascertains that plaintiff is asserting claims related to events that transpired from June 2025 through October 26, 2025 at the Onondaga County J.C.  *See generally* Compl.  Plaintiff claims that for "85% of the weekends and 60% of Fridays," the entire jail was on "lockdown." *Id*. at 3-4.  Plaintiff claims that detainees are "denied 6 hours" of "out of cell time." *Id*.

From October 24, 2025 until October 26, 2025, plaintiff was deprived of showers for four days and, as a practicing Muslim, he "can't go with more than 3 days without a shower[.]" Compl. at 3.  Additionally, throughout 2025, plaintiff did not receive his Halal diet.  *Id*. at 4.

Here, while plaintiff makes claims regarding the time he is allotted out of his cell, he does not explain how this restriction places him in imminent danger of serious physical injury. Thus, as presently pled, the allegations related to weekend "lockdowns" do not warrant the application of the imminent danger exception.  *See Lewis v. Healy*, No. 9:08CV148 (LEK/DEP), 2008 WL 5157194, at *6 (N.D.N.Y. Dec. 8, 2008) (reasoning that the plaintiff's claims, including confinement to his cell, did not suggest the existence of imminent danger) (citing *Polanco v. Hopkins*, 510 F.3d 152 (S.D.N.Y. 2007)); *see also Widmer v. Butler*, No. 14-CV-879, 2014 WL 4672836, at *2 (S.D. Ill. Sept. 19, 2014) (holding that the "denial of out-

---

[1]  Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court which, absent other evidence, is presumed to be the date that the complaint was signed.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

of-cell exercise privileges alone does not establish that [the] [p]laintiff was in imminent danger of serious physical injury at the time the case was filed"); *see also Oliphant v. Villano*, No. CIV. 3:09CV862, 2010 WL 363446, at *1 (D. Conn. Jan. 25, 2010) (reasoning that the plaintiff's allegations that "he is kept[ ] in his cell 23–hours per day, and 24–hours per day on weekends," illegally strip searched, and falsely accused, and held in isolation, do not demonstrate imminent danger); *see also Hill v. Jones*, No. 9:19-CV-0826 (GLS/TWD), 2019 WL 5425085, at *1 (N.D.N.Y. Oct. 23, 2019) (finding no imminent danger of physical injury due to the absence of factual allegations suggesting that any named defendant was personally responsible for the plaintiff's conditions of confinement). Moreover, the Court finds that plaintiff's claims related to his inability to shower and his complaints about his diet and the impact of both issues on his religion do not support the conclusion that plaintiff was in imminent danger of serious physical injury.[2] *See Randolph v. New York State*, No. 21-CV-10959, 2021 WL 6064766 (S.D.N.Y. Dec. 22, 2021) (finding that the plaintiff did not meet the imminent danger exception by alleging that the State of New York violated his rights in multiple correctional facilities by forcing him to eat food in violation of his religious beliefs); *see Peters v. Lazaroff*, No. 3:21-CV-0120, 2021 WL 2545830, at *2 (S.D. Tex. May 26, 2021) (holding that the plaintiff, who alleged he was denied access to religious services, did not demonstrate that he was in imminent danger of any physical harm), *appeal dismissed,* 2021 WL 6201279 (5th Cir. Aug. 5, 2021); *see also Charest v. Jones*, No. 2:12-CV-428, 2012 WL 2674616, at *1 (M.D. Ala. June 1, 2012) (holding that allegations related to First Amendment freedom of religion, which are void of danger that is imminent or physical, did not qualify the

---

[2] The Court further notes that the complaint lacks facts suggesting that plaintiff's issues with his religious are contemporaneous with the commencement of the litigation. *See Pettus*, 554 F.3d at 296.

6

plaintiff for the imminent danger exception), *report and recommendation adopted*, 2012 WL 2590692 (M.D. Ala. July 5, 2012).

Upon review of the complaint, the Court finds that plaintiff has failed specifically to plead facts sufficient to place him within the imminent danger exception provided by Section 1915(g), which is available "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'" *Flemming v. Kemp,* No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010).

Based upon the foregoing, the Court finds that plaintiff is barred under Section 1915(g) from proceeding with this action IFP because he has three "strikes" and has not demonstrated the applicability of the "imminent danger" exception.

## III.    LEAVE TO AMEND

In light of plaintiff's pro se status, the Court will give him an opportunity to present an amended complaint.  *See Chavis*, 618 F.3d at 170.  Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct that violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced "imminent danger of serious physical injury" from one or more of the named defendants when he filed this action.  Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief in this action.

If plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, either (i) pay the statutory filing fee of four hundred and five

7

dollars ($405.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" when he filed this action.[3]

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that plaintiff's IFP Application (Dkt. No. 4) is held in abeyance; and it is further

**ORDERED** that within thirty (30) days of the date of this Decision and Order, plaintiff shall either (i) pay the Court's filing fee of four hundred and five dollars ($405.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" from the named defendant(s) when he commenced this action; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order or the expiration of the time set forth herein, the Clerk of the Court shall return the file to this Court for review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff.

**Dated: March 11, 2026**

_____
Elizabeth C. Coombe
U.S. District Judge

---

[3]  Plaintiff is reminded that claims of "imminent danger" set forth in wholly conclusory terms do not suffice. *See Chavis*, 618 F.3d at 170.